IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SAMMIE L. SMITH, JR.,

    Plaintiff,

v.

MARY LEISER, et al.,

    Defendants.

ORDER

Case No. 25-cv-764-wmc

---

SAMMIE L. SMITH, JR.,

    Plaintiff,

v.

STEVEN FAHRENKRUG, et al.,

    Defendants.

ORDER

Case No. 25-cv-767-wmc

---

Plaintiff Sammie L. Smith, Jr., a prisoner in the custody of the Wisconsin Department of Corrections, has submitted two proposed civil actions under 42 U.S.C. § 1983. Plaintiff has filed a certified copy of a trust fund account statement and a motion for leave to proceed without prepaying the filing fee. After considering the motion and supporting documentation, I conclude that plaintiff qualifies for indigent status.

Even when a prisoner litigant qualifies for indigent status, the litigant must pay a portion of the filing fee pursuant to 28 U.S.C. § 1915(b)(1). Using information from the plaintiff's trust fund account statement for the six-month period preceding the complaints, I have calculated the initial partial payment for each case to be $0.59. For these cases to proceed, plaintiff must submit this amount for each case on or before October 10, 2025.

If plaintiff does not have sufficient funds in a regular inmate account to make the initial partial payments, then plaintiff should arrange with prison authorities to make the payments from a release account. However, prison officials will draw funds first from the prisoner's regular account and any portion of the initial partial payments remaining from the prisoner's release account. *Carter v. Bennett*, 399 F. Supp. 2d 936, 937 (W.D. Wis. 2005).

## ORDER

IT IS ORDERED that:

1. Plaintiff Sammie L. Smith, Jr. is assessed an initial partial payment of $0.59 for each case (total $1.18). Plaintiff must submit a check or money order payable to the clerk of court by October 10, 2025 or advise the court in writing why plaintiff is not able to make the initial partial payments.

2. No further action will be taken in these cases until the clerk's office receives the initial partial payments as directed above and the court has screened the complaints as required by the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2). Once the screening process is complete, the court will issue a separate order.

3. If plaintiff fails to make the initial partial payments by October 10, 2025, or fails to show cause why the payments could not be made, then I will assume that plaintiff wishes to withdraw these actions voluntarily. In that event, the cases will be dismissed without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i). If plaintiff submits the initial partial payments within 30 days of dismissal, the cases will be reopened. The court will not

reopen the cases after 30 days unless plaintiff makes a showing that they are entitled to relief under Federal Rule of Civil Procedure 60(b).

Entered this 12th day of September, 2025.

BY THE COURT:

/s/
ANDREW R. WISEMAN
United States Magistrate Judge