IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SAMMIE L. SMITH,

　　　　　　　　　　　Plaintiff,　　　　　　　　　　OPINION AND ORDER

　　　v.
　　　　　　　　　　　　　　　　　　　　　　　　25-cv-764-wmc

MARY J. LEISER, and
ADAM BARANOWSKI,

　　　　　　　　　　　Defendants.

Plaintiff Sammie L. Smith, a state prisoner representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that inmate complaint examiners at Columbia Correctional Institution mishandled his inmate grievances.  (Dkt. #1.)  Because plaintiff is a prisoner proceeding without prepaying the filing fee, the court must screen the complaint and dismiss any portion that is legally frivolous, malicious, or fails to state a claim upon which relief may be granted.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).  The court must read the complaint of a non-lawyer generously, resolving any ambiguities and making reasonable inferences in plaintiff's favor.  *Haines v. Kerner*, 404 U.S. 519, 521 (1972).  Because plaintiff's complaint does not state a claim upon which relief can be granted, the court will dismiss this case.

ALLEGATIONS OF FACT[1]

Smith states that one of Columbia's Institution Complaint Examiners, Mary Leiser,

---

[1] The facts in this section are from the plaintiff's "Statement of Claim" (dkt. #1) and are taken as true for purposes of screening.

intentionally denied his inmate complaints about unrelated incidents from March to June 2024. Smith otherwise states that Leiser attempted to harass him, humiliate him, and retaliate against him by trying to deter him from filing inmate complaints. Specifically, Smith alleges that Leiser retaliated against him by lying to another financial specialist at Columbia on April 18, 2024, saying that Smith was not eligible for a legal loan.

Smith sent an information request on May 28, 2024, to another Inmate Complaint Examiner, Adam Baranowksi, and asked him to investigate Leiser because she retaliated against him. Baranowski responded, saying, "Noted." Smith then says he filed two inmate complaints about Leiser on July 18, 2024, and August 5, 2024, and that those complaints were never acknowledged by the ICE office because they were "obviously discarded" by Leiser and/or Baranowski.

OPINION

First, the court understands plaintiff to allege that ICE Leiser violated his First Amendment rights when she denied his grievances filed from March to June 2024. While the First Amendment gives plaintiff the right to petition the government, it does not guarantee a particular result. *Brewer v. Ray*, No. 04-C-957-S, 2005 WL 1532599, at *2 (W.D. Wis. June 29, 2005), *aff'd*, 181 F. App'x 563 (7th Cir. 2006). So, plaintiff's complaint that Leiser returned or rejected his grievances does not state a claim upon which relief may be granted. *Id.*

Smith next alleges that Leiser retaliated against him because he complained about her to another complaint examiner, and because he filed grievances against her. To state a claim for retaliation, Smith must allege that: "(1) he engaged in activity protected by the

2

First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the defendant's decision to take the retaliatory action." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

Smith says Leiser retaliated against him by lying to a Columbia financial officer, saying Smith was not eligible for a legal loan. However, Smith's complaint fails to allege that he took any protected activity that would implicate Leiser, specifically, before she spoke to the financial officer—instead, he states in his complaint that the grievances he filed before this time discussed an unrelated incident in which Leiser was not involved, and that he first complained about her over one month after she spoke to the financial officer. *Leitgen v. Franciscan Skemp Healthcare, Inc.*, 630 F.3d 668, 676 (7th Cir. 2011) ("[T]he theory doesn't work if the retaliatory act precedes the protected activity.") Therefore, his allegation that she lied to another official to prevent him from getting a legal loan in retaliation does not state a claim upon which relief may be granted. Likewise, this allegation does not state a due process claim, as Smith has no protected interest in legal loan resources. *Williams v. Titlbach*, No. 21-CV-500-WMC, 2022 WL 179340, at *2 (W.D. Wis. Jan. 20, 2022).

Smith also fails to state a claim against Baranowski for not investigating Leiser after he wrote to Baranowski on May 28, 2024. *Wilkins v. Illinois Dept. of Corrections*, 2009 WL 1904414 at *9 (S.D. Ill. July 1, 2009) ("Inmates do not have a due process right to have their claims investigated at all, and an allegation that any investigation which is actually conducted by prison officials was 'inadequate' or 'improper' does not state a constitutional

claim.")

Finally, Smith states that he tried to file two grievances about Leiser, and that these grievances were never processed or acknowledged by the ICE Office at Columbia because Leiser and/or Baranowski discarded them in retaliation.  This allegation does not state a claim against Baranowski.  *Owens v. Hinsley,* 635 F.3d 950, 953 (7th Cir. 2011) ("mishandling of [] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim.")  Likewise, Leiser's alleged "failure to properly process Plaintiff's grievances does not amount to the type of action that would be likely to deter Plaintiff from engaging in protected First Amendment activity in the future—which is a necessary component of a retaliation claim."  *Smith v. Butler*, No. 17-CV-189-MJR, 2017 WL 1318270, at *7 (S.D. Ill. Apr. 10, 2017) (citing *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009)); *see also Owens*, 635 F.3d at 953-954 (describing that prisoners have no constitutional right to a grievance system).

In sum, plaintiff's complaint does not state a claim for which relief can be granted.  However, the Seventh Circuit has cautioned against dismissing a *pro se* plaintiff's case without giving the plaintiff a chance to amend the complaint.  *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016).  So, plaintiff may file an amended complaint if he believes he can state a constitutional claim based on (and consistent with) the events described in this complaint.  If plaintiff files an amended complaint, the court will screen the allegations to determine whether they state a claim for relief.  If he does not submit an amended complaint by the date below, this case will be dismissed for failure to state a claim upon which relief may be granted.

4

ORDER

IT IS ORDERED that:

1. Plaintiff Sammie Smith is DENIED leave to proceed and his complaint is DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Plaintiff has until May 12, 2026, to file an amended complaint that states a federal claim for relief as discussed in this order. Plaintiff's failure to file an amended complaint by that deadline will result in the court dismissing this action with prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

Entered this 14th day of April, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

5